IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SEBASTIN BELL, #662465, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | 3:09-CV-2043-K |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Div., | § | |
|     Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought by a state prisoner pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID) at the Allred Unit in Iowa Park, Texas. Respondent is the TDCJ-CID Director. The court has not issued process in this case, pending preliminary screening.

Statement of the Case: In 1993, Petitioner was convicted of capital murder and sentenced to life imprisonment. *State v. Bell*, Case No. F93-42348 (Crim. Dist. Court No. 2, Dallas County). His conviction and sentence were affirmed on direct appeal. *Bell v. State*, No. 05-93-

01952-CR (Tex. App. – Dallas, Jan. 27, 1995, no pet.).  Petitioner unsuccessfully challenged his conviction in state and federal habeas corpus proceedings.  *Ex parte Bell*, No. 58,422-01 (Tex. Crim. App. Apr. 21, 2004) (denying state habeas relief without written order on the trial court's findings without a hearing); *Bell v. Dretke*, 3:04cv1272-L (N.D. Tex. Oct. 4, 2004) (dismissing federal habeas petition with prejudice as barred by the one-year statute of limitations); *Ex parte Bell*, No. 58,422-02 (Tex. Crim. App. Sep. 2, 2009) (dismissing state habeas corpus petition as successive pursuant to art. 11.07, Sec. 4, Tex. C. Crim. P.).[1]

In the present habeas corpus action, Petitioner again seeks to challenge his capital murder conviction in Cause No. F93-42348.  In six grounds, he complains of denial of due process and ineffective assistance of counsel during his direct appeal.[2]

Findings and Conclusions:  The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief.  *See* 28 U.S.C. § 2244(b).  A petitioner must show that the successive application is based on:  (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense.  *See* 28 U.S.C. § 2244(b)(2).

Before a petitioner may file his application in the district court, a three-judge panel of the

---

[1] In 1993, Petitioner was also convicted of attempted capital murder in Dallas County.  *See State v. Bell*, F93-42349.  This conviction, however, is not at issue in this case.

[2] This action was initially filed in the Wichita Falls Division of the Northern District and then transferred to this court.  *See Bell v. Director*, 7:09cv0153.

Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing.  *See* 28 U.S.C. § 2244(b)(3)(A) and (B).  In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition.  *See also Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003).

      The Fifth Circuit has not issued an order authorizing this court to consider the successive petition in this case.  Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254 challenging his underlying criminal conviction.  Therefore, this petition should be dismissed for want of jurisdiction.  Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A).  *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit Court of Appeals).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive habeas petition in the United States Court of Appeals for the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

Signed this 29th day of October, 2009.

*[signature: Wm. F. Sanderson Jr.]*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.